# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES JOSEPH OWENS-EL, | * | |
| Petitioner | * | |
| v | * | Civil Action No. JKB-17-3057 |
| STATE OF MARYLAND, <br> CITY OF BALTIMORE, <br> PAMELA HOWELL CAB CO.[1] | * <br><br> * | |
| Respondents | * | |

***

## **MEMORANDUM**

James Joseph Owens-El filed the above-captioned "Emergency Petition for Writ of Mandamus" on October 18, 2017, with a Motion to Proceed in Forma Pauperis. ECF 1, 2. On October 25, 2017, Owens-El filed an Amended Petition. ECF 3. Because Owens-El appears to be indigent, the Motion to Proceed *in forma pauperis* (ECF 2) shall be granted.

### BACKGROUND

Owens-El's twenty-three page handwritten pro se petition is difficult in parts to understand. As best as can be discerned, Owens-El claims that unnamed taxi cab drivers[2] twice failed on unspecified dates in 2016 to transport him to his dialysis treatments. ECF 1 at 12-13. As a result, he waited in the cold in the early morning for some seven hours, was unable to attend his dialysis appointment, and almost passed out. *Id;* ECF No. 3 at 2. He seems to attribute a

---

[1] Pamela Howell appears to be an individual, not the name of a taxi company. In the body of the Petition, Owens-El identifies Pamela Howell as the manager of the Fresenius Kidney Care Dialysis Program in Pikesville, Maryland. ECF 1 at 14-15. Owens-El, however, raises no specific claims against Howell.

[2] It is unclear whether Owens-El intends to name the National Kidney Foundation as a defendant as he appears to include it in the body of the Petition, although not on the civil cover sheet. ECF 1 at 1; ECF 1-1. The National Kidney Foundation is a private organization. Assuming the National Kidney Foundation were to be named as a defendant, the outcome of this case would be unchanged.

2016 hospitalization for pulmonary problems on an unstated date to the lack of transport on these occasions. ECF 1 at 13. Owens-El asserts generally: "For nearly 3-years, Petitioner has been abandoned and or delivered late to dyalises [sic] due to no fault of Petitioner's emphatically, at the known and intentional acts of cab drivers of yellow-checker-transdex Transportation Companies paid with taxpayers dollars."[3] ECF No. 1 at 3. He avers that he has presented his concerns to various employees in the Office of the Maryland Attorney General, unspecified Baltimore City health agencies, and Legal Aid; he received apologies, but no compensation or other relief. ECF No. 1 at 5, 14.

Based on the above, Owens-El claims include that Defendants have conspired to murder him, acted with deliberate indifference to his serious medical needs in violation of the Equal Protection Clause of the Fourteenth Amendment, and their actions constitute breach of contract. ECF No. 1 at p. 9. Notably, Owens-El does not identify what mandamus relief he is seeking in the Petition. He avers the public is owed an apology for the misappropriation of money. ECF No. 1 at 4-5. He also asks that this case be converted into a class action, presumably on behalf of other dialysis patients transported by the taxi cab company. ECF No. 3. at 3.

## DISCUSSION

Under 28 U.S.C. § 1361, federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. The court's authority to issue a writ of mandamus extends only to federal officers, employees, or agencies. *See* 28 U.S.C. § 1361; *AT & T Wireless PCS, Inc. v. Winston–Salem Zoning Bd. of Adjustment*, 172 F.3d 307, 312 (4th Cir. 1999). None of the defendants is a United States officer or employee subject to federal

---

[3] Owens-El avers the Trans-Dex/Yellow Cab Company and Checker Cab Company contracts with the City of Baltimore to deliver him to him to his dialysis program. ECF No. 1 at 2, 11.

mandamus jurisdiction. Thus, the court is without the power to compel by writ of mandamus, any of the Defendants in this action, as they are a municipality, a state, a corporation, and a private individual. *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) (state officials); *Simon v. Court Reporter, No.* C/A 9:09-893-CMC-BM, 2009 WL 2029978, at *2 (D.S.C. July 13, 2009) (private individual); *Skelton v. Family Servs., Inc.,* No. C.A. 2:09-847MBS, 2009 WL 1346133, at *4 (D.S.C. May 8, 2009) (private company). The Court therefore shall deny and dismiss the petition without prejudice for lack of jurisdiction.

Regarding his request to bring a class action, Owens-El's allegations do not amount to claims of constitutional or federal moment. As a private citizen, Owens-El may not bring criminal charges against another. *See Linda R.S. v. Richard D*., 410 U.S. 614, 619 (1973) (stating private individuals have no constitutional or other right to a criminal investigation, nor any judicially cognizable interest in the prosecution or non-prosecution of another). Criminal charges in this court must be brought by federal prosecutors. Further, as a pro se non-attorney, Owens-El does not meet the pre-requisite of Federal Rule of Civil Procedure 23(a)(4) that the representative must fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(4). Pro se plaintiffs have been considered not "equipped by reason of training and experience" to litigate on behalf of others. *Noah v. AOL Time Warner, Inc.,* 261 F. Supp. 2d 532, 537 (E.D. Va. 2003). A pro se non-attorney cannot be placed in a position where he might put at "risk the rights of others," given that the "ability to protect the interests of the class depends in part on the quality of counsel." *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975).

## CONCLUSION

For these reasons, the court will DENY and DISMISS this case without prejudice for lack of jurisdiction. A separate Order will follow.

　__November 9, 2017_____　　　　　　_____/s/_____
Date　　　　　　　　　　　　　　　　　James K. Bredar
　　　　　　　　　　　　　　　　　　　Chief Judge

4